```
                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF TEXAS
                            AUSTIN DIVISION

JOSEPH WARD, MICHAEL ANDERSON,        ) AU:16-CV-00917-LY
ISAAC LEMELLE, CECIL ADICKES,         )
MICHAEL GIBSON,                       )
                                      )
   Plaintiffs,                        )
                                      )
v.                                    ) AUSTIN, TEXAS
                                      )
JOHN HELLERSTEDT,                     )
                                      )
   Defendant.                         ) OCTOBER 16, 2017

      ****************************************************
        TRANSCRIPT OF CONFERENCE AFTER CLASS CERTIFICATION
                 BEFORE THE HONORABLE LEE YEAKEL
      ****************************************************

APPEARANCES:

FOR THE PLAINTIFFS:   BETH L. MITCHELL
                      PETER HOFER
                      DISABILITY RIGHTS TEXAS
                      2222 W. BRAKER LANE
                      AUSTIN, TEXAS 78758

FOR THE DEFENDANT:    MICHAEL ABRAMS
                      THOMAS A. ALBRIGHT
                      OFFICE OF THE ATTORNEY GENERAL
                      GENERAL LITIGATION DIVISION
                      P.O. BOX 12548, CAPITAL STATION
                      AUSTIN, TEXAS 78711

COURT REPORTER:       ARLINDA RODRIGUEZ, CSR
                      501 WEST 5TH STREET, SUITE 4152
                      AUSTIN, TEXAS 78701
                      (512) 391-8791
```

Proceedings recorded by computerized stenography, transcript produced by computer.

```
09:24:04   1        (Open Court)
09:24:04   2             THE COURT:  We're here for a -- just a general status
09:24:07   3   conference on this case.  Let me first get announcements.  It's
09:24:11   4   Cause Number 16-CV-917, Ward, and others, v. Hellerstedt.  Let
09:24:19   5   me start with the plaintiffs as to who is here, please.
09:24:22   6             MS. MITCHELL:  Beth Mitchell and Peter Hofer for the
09:24:25   7   plaintiffs.
09:24:26   8             THE COURT:  All right.  And for the defendants?
09:24:28   9             MR. ABRAMS:  Michael Abrams and Tom Albright for the
09:24:31  10   defendants.  And we have Chris Lopez, who is an attorney with
09:24:34  11   Texas Health and Human Services Commission as well.
09:24:36  12             THE COURT:  All right.  Well, where I have us is that
09:24:40  13   I certified a class.  An interlocutory appeal of that order has
09:24:46  14   been taken.  The Circuit has agreed to recognize the
09:24:50  15   interlocutory appeal and allow it to proceed.  So let me start
09:24:53  16   with the plaintiff.  Tell me where you see we are and what are
09:24:58  17   your suggestions going forward in this case.
09:25:04  18             MS. MITCHELL:  We -- you know, currently we are in --
09:25:07  19             THE COURT:  You're going to have to either talk in
09:25:09  20   the microphone or look at me or come up here or something so I
09:25:11  21   can hear you.  Why don't you come to the podium.
09:25:16  22             MS. MITCHELL:  Yeah.  We are in the midst of
09:25:18  23   discovery.  We just received responses back.  But I think with
09:25:22  24   the cert of the class motion, we are probably going to need to
09:25:30  25   either extend or stay the discovery at this point.
```

```
09:25:33   1              THE COURT:  Now, still speak a little more clearly.
09:25:36   2   I still didn't understand what you're saying.
09:25:38   3              MS. MITCHELL:  Because -- because they -- the Fifth
09:25:40   4   Circuit has taken the appeal of the class motion, I think at
09:25:45   5   this point we need to either extend the discovery deadlines
09:25:50   6   or -- along with the scheduling order or stay the discovery at
09:25:55   7   this point.  But we also need to -- you haven't appointed class
09:26:01   8   representatives for the class either.  When you signed the
09:26:07   9   order, because all of the plaintiffs had moved out, we amended
09:26:10  10   the complaint, added in two new plaintiffs, and you're holding
09:26:15  11   off on actually naming the class representatives, I assumed,
09:26:21  12   until we had amended the complaint and added in new plaintiffs.
09:26:25  13   So that needs to be done as well.
09:26:28  14              THE COURT:  All right.  Let me hear from the
09:26:29  15   defendants.
09:26:33  16              MR. ABRAMS:  Good morning, Your Honor.  The
09:26:36  17   defendants intend -- or Defendant intends to move to stay the
09:26:39  18   proceedings pending the Fifth Circuit's resolution of the 23(f)
09:26:43  19   petition.  And we've conferred with the plaintiffs, who have
09:26:47  20   indicated they would be unopposed to our motion to stay the
09:26:50  21   proceedings.  And it's the defendant's position that, in light
09:26:54  22   of the uncertainty of what classes might come back down after
09:26:57  23   the Fifth Circuit's ruling, that to go ahead with discovery and
09:27:01  24   dispositive motions might result in duplicative and unnecessary
09:27:06  25   efforts that might need to be redone, depending on what the
```

```
09:27:09   1   Fifth circuit does on the remand.
09:27:17   2              THE COURT:  All right.  Thank you.
09:27:19   3              Ms. Mitchell, what is the plaintiffs' position if,
09:27:22   4   suppose, the Fifth Circuit reverses the class certification and
09:27:25   5   rules and renders and says a class action is not appropriate
09:27:29   6   here?  Do you intend to proceed forward on behalf of the named
09:27:36   7   defendants with the action in this case?
09:27:43   8              MS. MITCHELL:  Yes, your Honor.  We would continue to
09:27:46   9   proceed with the named plaintiffs.
09:27:48  10              THE COURT:  Well, then --
09:27:48  11              MS. MITCHELL:  Although they would probably get
09:27:50  12   mooted out as we keep moving along, so we would have to keep
09:27:53  13   adding new ones.
09:27:55  14              THE COURT:  Well, then tell me why we couldn't go
09:28:00  15   ahead and proceed with discovery regarding the five persons who
09:28:05  16   are currently named as plaintiffs while we wait and see what
09:28:08  17   the Circuit's going to do on the certification issue?
09:28:11  18              MS. MITCHELL:  Well, so some of those plaintiffs
09:28:13  19   are -- if it's not -- if we don't have the class certified,
09:28:17  20   some of those plaintiffs' claims are moot.  So we have two live
09:28:20  21   plaintiffs right now who are currently waiting in jail.  So
09:28:23  22   there's only two.  We could go forward with those; however, the
09:28:30  23   issues are still -- I think what the defendant would say and
09:28:33  24   has indicated in their responses to discovery is that they
09:28:36  25   don't want to provide responses that are global responses
```

```
09:28:40   1  because they think it applies to the class instead of to
09:28:44   2  individual plaintiffs.
09:28:46   3              THE COURT:  All right.  Now, why -- why would you
09:28:53   4  need broad discovery that the State does not want to give you
09:28:58   5  with regard to the individual named plaintiffs?
09:29:03   6              MS. MITCHELL:  Because I think for a 1983 action we
09:29:06   7  still need to prove pattern and practice, and so we're still
09:29:09   8  going to need the scope of what's been going on to show the
09:29:13   9  pattern and practice.
09:29:19  10              THE COURT:  All right.  And let me hear from you,
09:29:20  11  Mr. Abrams.
09:29:21  12              MR. ABRAMS:  Your Honor, the -- the dispositive
09:29:24  13  motions that would need to be written based on whether it's a
09:29:27  14  class action or the individual plaintiffs would be different
09:29:32  15  because the circumstances of the individuals versus the -- the
09:29:35  16  classes that have been certified could be different.
09:29:37  17              And so, at this point, it just seems to be the most
09:29:44  18  prudent course to stay the proceedings and see what the Fifth
09:29:47  19  Circuit sends back down to -- to this court in terms of the
09:29:51  20  classes or decertifying the classes, potentially.
09:29:57  21              THE COURT:  Well, let me tell you what my problem is.
09:30:02  22  I -- I really -- I really dislike staying something which
09:30:18  23  amounts to was is an indefinite stay, because there's no
09:30:24  24  telling how long the Circuit is going to take to get anything
09:30:30  25  done in this case.  But I also understand the parties'
```

```
09:30:38   1   positions.
09:30:40   2              Let me ask you:  When do you think you're going to
09:30:48   3   file a motion to stay?  You know, clearly I could have had that
09:30:53   4   in front of me by now.
09:30:55   5              MR. ABRAMS:  We plan on moving today or tomorrow.  We
09:30:58   6   wanted to confer with Plaintiffs first and discuss the issues
09:31:00   7   with the Court before we filed it.
09:31:04   8              THE COURT:  Well, all right.  I'm going to leave
09:31:06   9   everything we have in place right now in place, and I will
09:31:12  10   consider any motion to stay I get when I get it.  But right now
09:31:19  11   the case remains under the current scheduling order and remains
09:31:24  12   proceeding along under that order.
09:31:26  13              Is there anything else we need to take up while I've
09:31:29  14   got you-all available here today?
09:31:36  15              MS. MITCHELL:  Just as I mentioned before,
09:31:37  16   Your Honor, in terms of naming the plaintiffs for the
09:31:40  17   representatives of the class.
09:31:42  18              THE COURT:  Well, I want you both to get in whatever
09:31:46  19   you need to get in at this point, you know, and then I'll
09:31:53  20   consider that and decide where we are.  If you're going to file
09:31:57  21   something about wanting a class member designated or class
09:32:01  22   counsel designated, talk with the attorney for the defendants,
09:32:07  23   and that's something that I can render an order on if you're in
09:32:10  24   agreement on it that's a tentative order subject to what the
09:32:15  25   Circuit's ultimate ruling is on the class or not.
```

```
09:32:18   1              It doesn't have to wait, but it's something that I am
09:32:22   2   going to tell you, if the Circuit affirms my previous class
09:32:26   3   order, I'm going to tell you I want you to sit down and agree
09:32:29   4   on it anyway.  So there's no reason why you can't go ahead and
09:32:33   5   do that now, and that can be just sitting there until we see
09:32:37   6   what's going to happen with the Circuit in the event I grant
09:32:40   7   the stay.  There's no reason why we can't go ahead and get
09:32:44   8   these other preliminary matters in place and then see what the
09:32:47   9   Circuit is going to do.
09:32:50  10              So proceed with whatever you're going to proceed
09:32:54  11   motion wise right now -- don't wait -- and I will deal with it.
09:32:58  12   But I think this is something you ought to be able to work out
09:33:01  13   together if you sit down and talk about it.
09:33:03  14              MS. MITCHELL:  Okay.  Thank you.
09:33:04  15              THE COURT:  Anything else, Mr. Abrams?
09:33:07  16              MR. ABRAMS:  No, Your Honor.  And we'll move ahead
09:33:10  17   with filing a motion for stay promptly.
09:33:12  18              THE COURT:  And sit down and talk with the plaintiffs
09:33:14  19   and see if we can get all of the pieces in place.  And if I
09:33:17  20   grant the stay, then it will just be sitting here awaiting what
09:33:21  21   we're going to get from the Circuit.  If the Circuit says
09:33:25  22   there's not going to be a class here, then we haven't lost
09:33:28  23   anything by going ahead and getting class counsel and class
09:33:30  24   representative appointed.  If the Circuit says, no, we're going
09:33:34  25   to keep the class in effect, then we're ready to proceed at
```

```
09:33:37   1   that point.
09:33:39   2              All right.  Thank you.  Court's in recess.
0:0:0      3         (End of transcript)
           4
           5
           6
           7
           8
           9
          10
          11
          12
          13
          14
          15
          16
          17
          18
          19
          20
          21
          22
          23
          24
          25
```

1  **UNITED STATES DISTRICT COURT      )**

2  **WESTERN DISTRICT OF TEXAS          )**

3       I, Arlinda Rodriguez, Official Court Reporter, United
4  States District Court, Western District of Texas, do certify
5  that the foregoing is a correct transcript from the record of
6  proceedings in the above-entitled matter.

7       I certify that the transcript fees and format comply with
8  those prescribed by the Court and Judicial Conference of the
9  United States.

10      WITNESS MY OFFICIAL HAND this the 19th day of
11 October 2017.

```
                                    /S/ Arlinda Rodriguez
                                    Arlinda Rodriguez, Texas CSR 7753
                                    Expiration Date:  12/31/2018
                                    Official Court Reporter
                                    United States District Court
                                    Austin Division
                                    501 West 5th Street, Suite 4152
                                    Austin, Texas 78701
                                    (512) 391-8791
```