IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSEPH WARD, by his next friend FRANCES BOURLIOT; MICHAEL ANDERSON, by his next friend PHIL CAMPBELL; ISAAC LEMELLE, by his next friend MARK WESTENHOVER; MARC LAWSON, by his next friend KRISTA CHACONA; JENNIFER LAMPKIN, by her next friend ELSIE CRAVEN; CECIL ADICKES, by his next friend ELSIE CRAVEN; MICHAEL GIBSON, by his next friend MARK WESTENHOVER, KENNETH JONES, by his next friend PATRICIA SEDITA; and MARY SAPP, by her next friend, LOURDES RODRIGUEZ, § § § § § § § § § § § § § § § § § § § § | | Civil Action No. 1:16-cv-00917-LY |
| *Plaintiffs*, v. COURTNEY PHILLIPS, in her official capacity as Executive Commissioner of the Texas Health and Human Services Commission, *Defendant*. | § § § § § § § § § | |

## CONFIDENTIALITY AND PROTECTIVE ORDER

After due consideration of the parties' request for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to govern the disclosure and access to confidential information, as well as the treatment and maintenance of confidential information by any party or third party, it is hereby Ordered and Adjudged:

1. The following documents and information shall be deemed "Confidential Information" and be governed by this Protective Order: All information supplied in any form about the individual named Plaintiffs or persons who receive services from the Defendant, including but not

1

limited to documents, records, electronic information, images (photographs or videos), answers to any discovery requests, and oral testimony. Confidential Information includes: individually identifiable health information protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and its implementing regulations, 45 C.F.R. Parts 160 and 164; health information protected by Chapter 181 of the Texas Health and Safety Code; and information protected by Chapter 595 of the Texas Health and Safety Code, the Medicaid statute at 42 U.S.C. §1396a(a)(7), the Medicaid regulations at 42 C.F.R. §§ 431.300- 431.307, or Texas Human Resources Code §§12.003 and 21.012.

2. Confidential Information is not subject to this Protective Order when it is used in the ordinary course of business by the producing party.

3. The parties may not use or disclose Confidential Information for any purpose other than use in the above-captioned litigation.

4. All Confidential Information shall be controlled and maintained in a manner that precludes access by any person not entitled to access under this Protective Order. Confidential Information shall be disclosed only to the following persons:

(a) counsel and the firm that has filed an appearance, including paralegal, investigative, secretarial, reproduction, and clerical personnel who are engaged in assisting such counsel in the above-entitled action;

(b) any independent outside expert or consultant, and employees and assistants under the control of such an expert or consultant, who is engaged by counsel in this litigation, whether or not such expert is paid directly by a party;

(c) any employee of a party who is requested by counsel for such party to work directly on the above-entitled action;

(d) any deposition or trial witness;

(e) any person who authored the particular Confidential Information sought to be disclosed to that person, and any person to whom the author originally directed or sent that Confidential Information;

(f) any court or other reporter or typist recording or transcribing testimony; or the Court.

5. Before any Confidential Information may be disclosed to any person described in paragraph 4(b)-(d), such person must be provided with a copy of this Protective Order. Each person described in paragraph 4(a)-(d) to whom Confidential Information is disclosed shall abide by and comply with the terms of this Order and shall not disclose that information to any other person, except those persons described in paragraph 4, and except as permitted by this Order. Confidential Information provided pursuant to this Protective Order may not be used for any purpose other than the above-captioned litigation.

6. Production of Confidential Information in Discovery. In response to a discovery request from another party in this lawsuit, the parties are permitted to produce Confidential Information to any party in this lawsuit in an unredacted form. Upon producing these documents, the producing party shall designate them as "confidential" in the manner set forth below. All parties receiving these documents may use such designated records only for purposes of the above-captioned litigation and may disclose them to non-parties to this litigation only as specified within this Order. To designate Confidential Information covered by this Protective Order, the producing party shall so designate, on the material itself, in an accompanying cover letter, or on a diskette cover by using the following designation: "CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER." However, the failure to designate any materials as provided in this paragraph shall not constitute a waiver of the assertion that the materials are covered by this

Protective Order.

7. Confidential Information in Depositions. Parties may show deponents Confidential Information. The parties shall, within thirty (30) business days after receiving a deposition transcript, designate information disclosed at such deposition as Confidential Information by notifying all of the parties in writing of the specific pages and lines of the transcript which should be treated as Confidential Information thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in its possession, custody or control. Until expiration of the 30-day period, the entire deposition transcript will be treated as subject to protection against disclosure under this Protective Order. Confidential Information within the deposition transcript must be designated by marking the pages that contain Confidential Information with the following legend: "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER." The terms and conditions of this Order shall apply to all such designated portions of any deposition transcript (and exhibits thereto).

8. Use of Confidential Information Regarding Named Plaintiffs. Subject to the rules of evidence, this Protective Order, and any other orders of the Court, Confidential Information regarding the individual named plaintiffs may be used in a pleading, filing, hearing, trial, or other proceeding in the matter of *Ward v. Phillips*, Case No. 1:16-CV-917-LY, without being sealed and without notification to the person who is the subject of that information. However, the party who produced the Confidential Information may at the time of such submission request that the material be sealed by the Court. Any Confidential Information used in any court document or proceeding shall not lose its confidential status for purposes outside the above-captioned litigation through such use, unless the Court orders otherwise.

9. Use of Other Confidential Information in Court Filings. In the event any party

wishes to use Confidential Information regarding any person other than the individual named plaintiffs in any affidavits, briefs, memoranda of law, exhibits to motions, or other papers filed in Court in this action, such party shall conceal the identity of the subject of the Confidential Information by coding such documents to substitute a numerical or other designation for the person's name or other identifying information, or by redacting identifying information. In the event this Court wishes to review the material that was coded or redacted, this Court may review that material *in camera* or order that the uncoded or unredacted documents containing Confidential Information be filed under seal. Alternatively, the parties may file such affidavits, briefs, memoranda of law, exhibits to motions, or other papers under seal with this Court, marked with the following legend: "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER." The Clerk of Court shall accept for filing under seal any documents or filings so marked by the parties pursuant to this paragraph.

10. Use of Other Confidential Information in Open Court. No party shall disclose designated documents containing Confidential Information regarding any person other than the individual named Plaintiffs in open court without prior court order. Similarly, no party or witness shall disclose Confidential Information regarding any person other than the individual named Plaintiffs orally in open court without prior court order. The procedures for use of documents designated as containing Confidential Information regarding any person other than the individual named plaintiffs during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider redacting confidential documents to remove individual identifiers, coding the documents to substitute a numerical or other designation for the person's name or other identifying information, requesting that any exhibit be placed under seal, introducing summary evidence where practicable which may be more

easily redacted, and assuring that all Social Security numbers and identifying numbers associated with the names of individuals have been removed.

11. Neither the designation of information as Confidential Information nor the identification of a person as qualified to receive Confidential Information creates a requirement to produce or an entitlement to receive Confidential Information that said person is not otherwise required to produce or entitled to receive. This Protective Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modification of this Protective Order. This Protective Order shall not prevent a party from raising any permissible objection to the production or use of Confidential Information in the course of this lawsuit, including during discovery or at trial.

12. Upon conclusion of the above-entitled action, the provisions of this Protective Order shall continue to be binding. This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by Order of this Court. Confidential Information, including all copies, must either be returned to the providing party or destroyed at the conclusion of the above-entitled action and subsequent appeal, as provided in 45 C.F.R.§ 164.512(e)(1)(v).

13. Modification and Exceptions: The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

It is SO ORDERED this 1st day of March, 2019.

THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE