IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSEPH WARD, by his next friend FLOYD JENNINGS; *et al.* | § § § § § | |
| Plaintiffs, | | |
| vs. | § § § | CIVIL ACTION NO. 1:16-cv-00917-LY |
| COURTNEY PHILLIPS, in her official capacity as Executive Commissioner of the Texas Health and Human Services Commission, | § § § § § § § | **CLASS ACTION** |
| Defendant. | | |

**THE PARTIES' STATEMENT OF UNCONTESTED FACTS AND ISSUES OF LAW**

Pursuant to this Court's December 10, 2018 Scheduling Order (Doc. 80) related to the issue of class certification, the Parties respectfully submit the following Statement of Uncontested Facts and Issues of Law:

**UNCONTESTED FACTS**

1. HHSC oversees state hospitals and behavioral health programs.

2. HHSC does not have sufficient capacity to admit all incompetent to stand trial ("IST") detainees committed to its care for competency restoration services immediately upon their commitment.

3. HHSC's mental health facilities[1] have staff specially trained to provide competency restoration services.

4. HHSC's mental health facilities provide evaluations and treatment for persons found NGRI.

5. Defendant operates a forensic Clearinghouse waitlist for persons who are incompetent to stand trial and committed to a non-maximum security unit ("MSU") facility.

---

[1] "HHSC forensic mental health facilities" means, any facility that HHSC operates, contracts with, or funds that admits persons under the Texas Code of Criminal Procedure Article 46B or Article 46C.

6. Persons placed on the Clearinghouse waitlist are removed from the list and admitted to an HHSC inpatient mental health facility generally on a first-come, first-served basis.

7. Defendant operates an MSU waitlist for individuals found incompetent to stand trial and NGRI who are committed to an MSU facility, and for civil committees found "manifestly dangerous."

8. Persons placed on the MSU waitlist are removed from the list, and admitted to an HHSC mental health facility generally on a first-come, first-serve basis.

9. The MSU waitlist includes the individual's name, the county the individual is coming from, the type of commitment, the date HHSC was notified the order of commitment was signed, and the number of days since HHSC was notified to the present (if still waiting) or the total number of days between notification and the person's admission to an HHSC mental health facility (if no longer waiting).

10. The Clearinghouse waitlist also contains the date HHSC is notified an individual is committed for competency restoration treatment and the number of days from the date of notification to the present (if the individual is still waiting) or the total number of days between notification and their admission to an HHSC mental health facility (if no longer waiting).

11. There are no formal criteria for determining the distribution of forensic versus civil beds.

12. The Texas Legislature has given HHSC the discretion to determine how to divide the total number of HHSC inpatient mental health beds between the civil and forensic population.

13. Adult, general, psychiatric beds can be used for patients on either forensic or civil commitments or voluntary admissions.

14. Presently, i.e., as of the date of this filing, HHSC has approximately 2,870 inpatient mental health beds for forensic and civil commitments.

**UNCONTESTED ISSUES OF LAW RELATED TO IST AND NGRI DETAINEES**

1. Texas Code of Criminal Procedure Article 46B sets forth the legal standard and process for a court's finding an individual incompetent to stand trial.

2. When a person is found incompetent to stand trial, the criminal proceedings against him or her are stayed. Tex. Code Crim. Proc. Art 46B.004(d).

3. When a person is found incompetent to stand trial, the court shall either commit the defendant to a mental health facility designated by HHSC under TCCP 46B.073 or release the defendant on bail subject to conditions under 46B.072. Tex. Code Crim. Proc. Art. 46B.071.

4. Under Texas Code of Criminal Procedure article 46B, a defendant found incompetent to stand trial and not released on bail shall be committed to a mental health facility "[f]or purposes of further examination and competency restoration services with the specific objective of the defendant attaining competency to stand trial…." Tex. Crim. Proc. Code Ann. § 46B.073(b).

5. An order committing the defendant for restoration of competency "must place the defendant in the custody of the sheriff for transportation to the facility in which the defendant is to receive treatment for purposes of competency restoration." Tex. Code Crim. Proc. Art. 46B.075.

6. Texas Code of Criminal Procedure Article 46B also sets forth obligations of the HHSC mental health facilities to which incompetent defendants are committed concerning individualized treatment programs, assessments and evaluations, and reports to the criminal court. Tex. Code Crim. Proc. Arts. 46B.077; 46B.079-46B.080.

7. Texas Code of Criminal Procedure Article 46C sets forth the legal standard and process for a court's finding an individual not guilty by reason of insanity (NGRI).

8. Under Texas Code of Criminal Procedure article 46C, when a defendant is acquitted as not guilty by reason of insanity of a crime involving dangerous conduct the court "shall order the acquitted person to be committed for evaluation of the person's present mental condition and for treatment to the maximum security unit of any facility designated by the department." Tex. Crim. Proc. Code Ann. § 46C.251(a).

9. Texas Code of Criminal Procedure Article 46C.160(1) provides that the court can order an insanity acquittee detained in jail or other suitable place "for a period not to exceed fourteen days."

10. Texas Code of Criminal Procedure Article 46C also sets forth obligations of the HHSC mental health facilities to which insanity acquittees are committed concerning the acquittee's evaluation, treatment, and report to the court. Tex. Code of Crim. Proc. Arts. 46C.252 – 46C.253.

Dated: May 24, 2019

<div style="display: flex;">

<div>

   /s/ *Beth Mitchell*
BETH MITCHELL
State Bar No. 00784613
PETER HOFER
State Bar No. 09777275
LISA SNEAD
State Bar No. 24062204

DISABILITY RIGHTS TEXAS
2222 West Braker Lane
Austin, Texas 78758
(512) 454-4816 (Phone)
(512) 454-3999 (Fax)
bmitchell@drtx.org
phofer@drtx.org
lsnead@drtx.org

COTY MEIBEYER
State Bar No. 24085469
DISABILITY RIGHTS TEXAS
1500 McGowen, Suite 100
Houston, Texas 77004
(713) 974-7691 (Phone)
(713) 974-7695 (Fax)
cmeibeyer@drtx.org

JOHN MICHAEL GADDIS
State Bar No. 24069747
Winston & Strawn LLP
2121 N. Pearl St., Suite 900
Dallas, Texas 75201
(214) 453-6500 (Phone)
(214) 453-6400 (Fax)
mgaddis@winston.com

ATTORNEYS FOR PLAINTIFFS

</div>

<div>

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

AMANDA J. COCHRAN-MCCAL
Chief, General Litigation Division

   /s/ *Michael R. Abrams*
MICHAEL R. ABRAMS
Assistant Attorney General
Texas Bar No. 24087072
THOMAS A. ALBRIGHT
Attorney-in-Charge
Assistant Attorney General
Texas Bar No. 00974790
Office of the Attorney General
General Litigation Division - 019
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 (Telephone)
(512) 320-0667 (Facsimile)
Thomas.Albright@oag.texas.gov
Michael.Abrams@oag.texas.gov

ATTORNEYS FOR DEFENDANTS

</div>
</div>

**CERTIFICATE OF CONFERENCE**

I certify that counsel for Plaintiffs and counsel for Defendants conferred regarding this *Statement of Uncontested Facts and Issues of Law* and that the Parties are in agreement regarding the matters addressed herein.

                                        /s/ Beth Mitchell
                                        BETH MITCHELL

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2019, a true and correct copy of the foregoing document was electronically filed using the Court's CM/ECF filing system, thus providing notice of electronic filing to the following:

    Thomas A. Albright
    Michael R. Abrams
    Assistant Attorneys General
    General Litigation Division
    P.O. Box 12548, Capitol Station
    Austin, Texas 78711-2548

                                        /s/ Beth Mitchell
                                        BETH MITCHELL