IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOSEPH WARD, by his next friend BARBARA DRUMHELLER, *et al.* §§§§<br><br>*Plaintiffs*, §<br>v. §§<br>CECILE ERWIN YOUNG, in her official capacity as Executive Commissioner of the Texas Health and Human Services Commission, §§§§§§<br><br>*Defendant*. § | Civil Action No. 1:16-cv-00917-LY |

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFFS' SIXTH AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Defendant Cecile Erwin Young ("Defendant"), in her official capacity as the Executive Commissioner of the Texas Health and Human Services Commission ("HHSC"), respectfully files this Answer and Defenses to Plaintiffs' Sixth Amended Complaint for Injunctive and Declaratory Relief ("Complaint").

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant denies each and every allegation contained in the Complaint except for those expressly admitted herein. The headings and numbered paragraphs below directly correlate to the sections and numbered paragraphs of the Complaint. Those titles and headings are reproduced in this Answer for organizational purposes only, and Defendant does not admit any matter contained therein.

Defendant states that no response is required to Plaintiffs' unnumbered introductory statement. To the extent that the unnumbered introductory statement purports to contain any

1

factual allegations, Defendant denies the allegations contained therein. Defendant responds to the specifically numbered allegations of the Complaint as follows:

## INTRODUCTION

1. Paragraph 1 contains assertions of law, conclusory statements, and/or arguments to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant denies the allegations in this Paragraph. With respect to footnotes 1-2 thereto, Defendant admits that oversight of the state hospitals and certain behavioral health programs has been moved to HHSC; otherwise denied.

2. Defendant admits that HHSC refuses to admit persons to facilities that are already at or beyond capacity. Defendant admits that persons who are required to be admitted to Maximum Security Units ("MSUs") frequently have to wait weeks or months for admission. Defendant admits that these persons include individuals declared incompetent to stand trial. Defendant denies the remaining allegations in this Paragraph.

3. Paragraph 3 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant denies the allegations in this Paragraph.

4. Defendant admits that HHSC operates a forensic Clearinghouse that facilitates the admissions of persons who are not charged with violent offenses (and thus are not committed to an MSU) on a first-come, first-served basis. The function of the Clearinghouse is to track and manage the referral of forensic patients being court-ordered into HHSC, as well as serves as a reference for courts seeking to admit a person to one of the state hospital system's forensic beds to appropriate admission staff in what will be the receiving facility. HHSC operates a separate admissions list for the state's MSUs, which serves the same purpose as the Clearinghouse list,

except that the admissions list includes only those forensic patients whose offenses require a commitment to a maximum-security unit along with civilly committed patients from non-maximum security hospitals who have been declared manifestly dangerous. Defendant denies the remaining allegations in this Paragraph.

5. Defendant denies that incompetent detainees languish in county jails absent a criminal conviction until a bed becomes available at a HHSC mental health facility due to delays caused by HHSC. To the extent Plaintiffs allege that jails are not authorized to provide competency restoration services, Defendant denies that allegation. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

6. Paragraph 6 contains assertions of law, conclusory statements, and/or argument to which no response is required. Defendant admits that Plaintiffs seek a declaration of their rights and an order from the Court but denies that Plaintiffs are entitled to the relief sought. Defendant denies the remaining allegations in this Paragraph.

## JURISDICTION AND VENUE

7. Paragraph 7 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant admits that, as a general matter, 28 U.S.C. § 1331 grants this Court jurisdiction to hear federal questions. Defendant denies that HHSC has committed any violation of applicable law or that Plaintiff has otherwise demonstrated this Court's subject-matter jurisdiction over any claims against Defendant.

8. Paragraph 8 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant admits that, as a general matter, 28 U.S.C. § 1391(b) addresses the

appropriate venue for cases over which this Court may have jurisdiction, including that "[a] civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Defendant denies that HHSC has committed any violation of applicable law.

## PARTIES

9.     Defendant admits that Plaintiff Joseph Ward was a defendant in a criminal case in the 351st Judicial District Court in Harris County, Texas and that on or about February 17, 2016, Mr. Ward was found incompetent to stand trial and was ordered to be committed to a mental health facility for further examination and treatment toward the specific objective of attaining competency to stand trial. Defendant admits that Mr. Ward was admitted to North Texas State Hospital – Vernon ("NTSH-V") on April 4, 2017. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

10.    Defendant admits that Plaintiff Marc Lawson is a defendant in a criminal case in the 390th Judicial District Court in Travis County, Texas, and that on or about May 11, 2016, Mr. Lawson was found incompetent to stand trial and ordered to be committed to a mental health facility for further examination and treatment towards the specific objective of attaining competency to stand trial. Defendant admits that the order also required the Sheriff to transport Mr. Lawson to a state mental health facility. Defendant admits that Mr. Lawson was admitted to NTSH-V on July 20, 2017. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

11.    Defendant admits that Plaintiff Jennifer Lampkin was a defendant in a criminal case in the 403rd Judicial District Court in Travis County, Texas, and that on or about March 31, 2016, Ms.

Lampkin was found incompetent to stand trial and ordered to be committed to a mental health facility for further examination and treatment toward the specific objective of attaining competency to stand trial. Defendant admits that the order also requires the Sheriff to transport Ms. Lampkin to a state mental health facility. Defendant admits that Ms. Lampkin was admitted to NTSH-V on July 6, 2017. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

12.     Defendant admits that Plaintiff Kenneth Jones is a defendant in a criminal case in the 185th Judicial District Court in Travis County, Texas, and that on or about August 10, 2017, Mr. Jones was found incompetent to stand trial and ordered to be committed to a mental health facility for further examination and treatment towards the specific objective of attaining competency to stand trial. Defendant admits that the order also required the Sheriff to transport Mr. Jones to a state mental health facility. Defendant admits that Mr. Jones was admitted to Rusk State Hospital on July 19, 2018. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

13.     Defendant admits that on or about April 1, 2021, Mr. Jones was again found incompetent to stand trial and ordered to be committed to a mental health facility for further examination and treatment towards the specific objective of attaining competency to stand trial. Defendant admits that the order also required the Sheriff to transport Mr. Jones to a state mental health facility. Defendant admits that Mr. Jones has not been admitted to a state mental health facility at this time. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

14. Defendant admits that Plaintiff Mary Sapp was a defendant in a criminal case in the 185th Judicial District Court in Harris County, Texas, and that on or about June 22, 2016, Ms. Sapp was found incompetent to stand trial and ordered to be committed to a mental health facility for further examination and treatment towards the specific objective of attaining competency to stand trial. Defendant admits that Ms. Sapp was admitted to NTSH-V on August 23, 2016. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

15. Defendant admits that Julian Torres was a defendant in a criminal case in the 5th County Court at Law in Travis County, Texas, and that on or about April 16, 2019, Mr. Torres was found incompetent to stand trial and was ordered to be committed to a state mental health facility for evaluation of his present mental condition and for treatment. Defendant admits that Mr. Torres was admitted to the Montgomery County Mental Health Treatment Facility on May 14, 2019. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

16. Paragraph 16 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant admits that Cecile Young is the Executive Commissioner of the Texas Health and Human Services Commission and has assumed the responsibilities of the position she now holds. Defendant denies the remaining allegations in this Paragraph.

**CLASS ACTION ALLLEGATIONS**

17. Paragraph 17 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant admits that the Plaintiffs purport to bring this case as a class action pursuant

to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, but denies that the proposed class, as defined by Plaintiffs, is appropriate for class certification. Defendant further denies that Plaintiffs are appropriate class representatives. Defendant denies the remaining allegations in this Paragraph.

18. Defendant admits that Paragraph 18 described the Court's orders related to class certification.

19. Paragraph 19 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

20. Paragraph 20 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

21. Paragraph 21 contains assertions of law, conclusory statements, and/or argument to which no response is required.

22. Paragraph 22 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

23. Paragraph 23 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

24. Paragraph 24 contains assertions of law, conclusory statements, and/or argument to which no response is required. Defendant denies that Plaintiffs are entitled to declaratory and injunctive relief. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

25. Paragraph 25 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

26. Paragraph 26 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

## FACTUAL ALLEGATIONS

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

A. **DEFENDANT'S DUTY TO TIMELY ADMIT INCOMPETENT DETAINEES TO A HHSC FACILITY FOR COMPETENCY RESTORATION SERVICES**

28. Paragraph 28 contains assertions of law, conclusory statements, and/or argument to which no response is required.

29. Paragraph 29 contains assertions of law, conclusory statements, and/or argument to which no response is required.

30. Paragraph 30 contains assertions of law, conclusory statements, and/or argument to which no response is required.

31. Paragraph 31 contains assertions of law, conclusory statements, and/or argument to which no response is required.

32. Paragraph 32 contains assertions of law, conclusory statements, and/or argument to which no response is required.

33. Paragraph 33 contains assertions of law, conclusory statements, and/or argument to which no response is required.

34. Paragraph 34 contains assertions of law, conclusory statements, and/or argument to which no response is required.

35. Paragraph 35 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

36. Paragraph 36 contains assertions of law, conclusory statements, and/or argument to which no response is required. Defendant denies the last sentence of this Paragraph.

37. Defendant admits that as of July 2021, Texas had 18 outpatient competency restoration programs. Defendant lacks sufficient knowledge or information to form a belief about the truth of the

remaining allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

38.     Paragraph 38 contains assertions of law, conclusory statements, and/or argument to which no response is required. Defendant admits that competency-based restoration services were available in six Texas jails in July 2021. Defendant denies that individuals charged with a violent offense are automatically ineligible to jail-based competency restoration services. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

39.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

40.     Paragraph 40 contains assertions of law, conclusory statements, and/or argument to which no response is required.

41.     Paragraph 41 contains assertions of law, conclusory statements, and/or argument to which no response is required.

42.     Paragraph 43 contains assertions of law, conclusory statements, and/or argument to which no response is required.

**B.  COUNTY JAILS ARE UNABLE TO PROVIDE COMPETENCY RESTORATION SERVICES TO INDIVIDUALS FOUND INCOMPETENT TO STAND TRIAL**

43.     Paragraph 43 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant denies the allegations in this Paragraph.

44.     Paragraph 44 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant denies the allegations in this Paragraph.

45. Paragraph 45 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

46. Paragraph 45 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant admits that its clinical staff at mental health facilities act in accordance with each patient's treatment goals.

47. Paragraph 47 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant denies the allegations in this Paragraph.

48. Paragraph 48 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant denies the allegations in this Paragraph.

49. Defendant denies the allegations in the first sentence of Paragraph 49. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

50. Defendant denies the allegations in paragraph 50 of the Complaint.

**C.   DEFENDANT HAS FAILED TO TIMELY ADMIT INCOMPETENCY DETAINEES WHO HAVE BEEN ORDERED TO AN HHSC MENTAL HEALTH FACILITY.**

51. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

52. Defendant admits that HHSC maintains an MSU Admission List and a Forensic Clearinghouse List. Defendant denies the remaining allegations in paragraph 52 of the Complaint.

53. Defendant admits that HHSC maintains an MSU Admission List and a Forensic Clearinghouse List. Defendant denies the remaining allegations in paragraph 53 of the Complaint.

54. Defendant admits that in June 2014, there were approximately 170 incompetency detainees on either the MSU Admission List or the Forensic Clearinghouse List; that in February 2016, there were approximately 380 incompetency detainees on either the MSU Admission List or the Forensic Clearinghouse List; and that as of September 2022, there were approximately 2,500 incompetency detainees on either the MSU Admission List or the Forensic Clearinghouse List.

55. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

56. Defendant admits that the Forensic Clearinghouse List contains approximately 1,550 individuals as of October 2022. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

57. Defendant lacks sufficient knowledge or information as to Plaintiffs' sources for the information contained in this Paragraph, and on that basis denies the allegations in their entirety.

58. Paragraph 58 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant denies the allegations in this Paragraph.

59. Paragraph 59 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant denies the allegations in this Paragraph.

60.     Paragraph 60 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant denies the allegations in this Paragraph.

**D.   DEFENDANT HAS FAILED TO PROVIDE COMPETENCY RESTORATION SERVICES TO THE CLASS PLAINTIFFS IN A TIMELY MANNER.**

   *1. Plaintiff Joseph Ward*

61.     Defendant admits that Plaintiff Joseph Ward was a defendant in a criminal case in the 351st Judicial District Court in Harris County, Texas and that on or about February 17, 2016, Mr. Ward was found incompetent to stand trial and was ordered to be committed to a mental health facility for further examination and treatment toward the specific objective of attaining competency to stand trial. Defendant admits that Mr. Ward was admitted to NTSH-V on April 4, 2017. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

62.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

63.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

   *2. Plaintiff Marc Lawson*

64.     Defendant admits that Plaintiff Marc Lawson is a defendant in a criminal case in the 390th Judicial District Court in Travis County, Texas, and that on or about May 11, 2016, Mr. Lawson was found incompetent to stand trial and ordered to be committed to a mental health facility for further examination and treatment towards the specific objective of attaining competency to stand trial. Defendant admits that the order also required the Sheriff to transport Mr. Lawson to a state mental health facility. Defendant admits that Mr. Lawson was admitted to NTSH-V on July 20,

2017. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

65. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

66. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

### 3. Plaintiff Jennifer Lampkin

67. Defendant admits that Plaintiff Jennifer Lampkin was a defendant in a criminal case in the 403rd Judicial District Court in Travis County, Texas, and that on or about March 31, 2016, Ms. Lampkin was found incompetent to stand trial and ordered to be committed to a mental health facility for further examination and treatment towards the specific objective of attaining competency to stand trial. Defendant admits that the order also required the Sheriff to transport Ms. Lampkin to a state mental health facility. Defendant admits that Ms. Lampkin was admitted to HTSH-V on July 6, 2017. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

68. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

69. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

*4. Plaintiff Kenneth Jones*

70. Defendant admits that Plaintiff Kenneth Jones is a defendant in a criminal case in the 185th Judicial District Court in Harris County, Texas, and that on or about August 10, 2017, Mr. Jones was found incompetent to stand trial and ordered to be committed to a mental health facility for further examination and treatment toward the specific objective of attaining competency to stand trial. Defendant admits that the order also requires the Sheriff to transport Mr. Jones to a state mental health facility. Defendant admits that Mr. Jones was admitted to Rusk State Hospital on July 19, 2018. Defendant admits that on or about April 1, 2021, Mr. Jones was again found incompetent to stand trial and ordered to be committed to a mental health facility for further examination and treatment towards the specific objective of attaining competency to stand trial. Defendant admits that the order also required the Sheriff to transport Mr. Jones to a state mental health facility. Defendant admits that Mr. Jones has not been admitted to a state mental health facility at this time. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

71. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

*5. Plaintiff Mary Sapp*

72. Defendant admits that Plaintiff Mary Sapp was a defendant in a criminal case in the 185th Judicial District Court in Harris County, Texas, and that on or about June 22, 2016, Ms. Sapp was found incompetent to stand trial and ordered to be committed to a mental health facility for further examination and treatment towards the specific objective of attaining competency to stand trial. Defendant admits that Ms. Sapp was admitted to NTSH-V on August 23, 2016. Defendant lacks

sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

73. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

### *6. Plaintiff Julian Torres*

74. Defendant admits that Plaintiff Julian Torres was a defendant in a criminal case in the 5th County Court at Law in Travis County, Texas, and that on or about April 16, 2019, Mr. Torres was found incompetent to stand trial and was ordered to be committed to a state mental health facility for evaluation of his present mental condition and for treatment. Defendant admits that Mr. Torres was admitted to the Montgomery County Mental Health Treatment Facility on May 14, 2019. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

75. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in this Paragraph, and on that basis denies the allegations in their entirety.

**FIRST CAUSE OF ACTION**
*Fourteenth Amendment to the U.S. Constitution*

A. **DEFENDANT HAS VIOLATED, AND CONTINUES TO VIOLATE INCOMPETENT DETAINEES RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION**

76. Defendant repeats and reaffirms her answers to each and every allegation contained in the paragraphs above and incorporates the same herein as though fully set forth.

77. Paragraph 77 contains assertions of law, conclusory statements, and/or argument to which no response is required.

78. Paragraph 78 contains assertions of law, conclusory statements, and/or argument to which no response is required.

79.     Paragraph 79 contains assertions of law, conclusory statements, and/or argument to which no response is required.

80.     Paragraph 80 contains assertions of law, conclusory statements, and/or argument to which no response is required.

81.     Paragraph 81 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant denies the allegations in this Paragraph.

82.     Defendant denies the allegations in paragraph 82 of the Complaint.

83.     Paragraph 83 contains assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that this Paragraph contains any factual allegations requiring a response, Defendant denies the allegations in this Paragraph.

84.     Defendant denies the allegations in paragraph 84 of the Complaint.

85.     Defendant denies the allegations in paragraph 85 of the Complaint.

## ATTORNEY'S FEES

86.     Defendant admits that Plaintiffs seek an award of attorneys' fees, costs, and expenses but denies that any relief is appropriate or warranted.

## PRAYER FOR RELIEF

87.     Paragraphs A-D in the section titled "Prayer for Relief" contain Plaintiffs' recitation of the relief sought in this action, assertions of law, conclusory statements, and/or argument to which no response is required. To the extent that Paragraphs A-D purport to contain any factual allegations requiring a response, Defendant denies those allegations in their entirety. Defendant further denies that any relief in this case is appropriate or warranted.

## DEFENDANT'S DEFENSES AND AFFIRMATIVE DEFENSES

1.      Defendant asserts the defense of Eleventh Amendment immunity to all claims to which that defense applies.

2.      Defendant asserts that Plaintiffs lack standing to pursue any their claims against Defendant.

3.      Defendant asserts that Plaintiffs' claims against Defendant are moot.

4.      Defendant asserts that Plaintiffs have failed to state claims upon which relief can be granted.

5.      Defendant asserts that she has fully complied with all applicable laws.

6.      Defendant reserves the right to raise additional affirmative defenses as they become apparent during the development of the case.

## **PRAYER**

For the foregoing reasons, Defendant asks the Court to enter judgment that Plaintiffs take nothing, dismiss Plaintiffs' suit with prejudice, assess costs against Plaintiffs, and award Defendant all other relief the Court deems appropriate.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN E. COWLES
Deputy Attorney General for Civil Litigation

CHRISTOPHER D. HILTON
Chief - General Litigation Division

 */s/ Kimberly Gdula*
KIMBERLY GDULA
Deputy Chief
Texas Bar No. 24052209
WILLIAM D. WASSDORF
Texas Bar No. 24103022
Assistant Attorney General

Office of the Attorney General
General Litigation Division - 019
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667
christopher.hilton@oag.texas.gov
kimberly.gdula@oag.texas.gov
will.wassdorf@oag.texas.gov

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on all counsel of record on October 31, 2022, via the court's electronic filing system.

*/s/ Kimberly Gdula*
KIMBERLY GDULA